**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KATHLEEN DAVIS, O/B/O Natalie Maitland,
Deceased,**

                            **Plaintiff,**

      vs.                                      **6:11-cv-00658
(MAD/DEP)**

**CAROLYN COLVIN,** *Commissioner of
Social Security*,

                            **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **OLINSKY LAW GROUP**<br>300 S. State Street, Ste. 420<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF REGIONAL GENERAL COUNSEL**<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **JASON P. PECK, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff moves for an award of attorney's fees and costs in the sum of $8,691.51, to be paid directly to her attorney under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 18. The Commissioner has not opposed the motion.

### II. DISCUSSION

**A.     Attorney's fees and costs**

The EAJA provides that

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To prevail in a motion for attorney's fees under the EAJA, a plaintiff must demonstrate the following: (1) her motion is timely, (2) she is the prevailing party, (3) she is eligible to receive an award, (4) an itemized statement from any attorney appearing on her behalf that illustrates the rate at which the attorney's proposed fees were computed, and (5) the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

The amount of an attorney-fee award under the EAJA is determined by examining the amount of time expended and the attorney's rate, which is capped by statute. *See Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (citations omitted). The court has broad discretion in determining whether the amount of time an attorney has expended is reasonable; however, the burden to prove reasonableness is on the plaintiff. *See id.* at 682 (citing *Aston v. Sec'y of Health and Human Svcs.*, 808 F.2d 9, 11 (2d Cir. 1986)).

In this case, Plaintiff claims that an EAJA award is available and should be awarded because (1) her application is timely; (2) she was the prevailing party; (3) her net worth did not exceed two million dollars at the time of trial; and (4) the position of the United States was not substantially justified.

The substantially justified standard "[i]s intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of

2

the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1987) (citation omitted); *see also Henriquez v. Chater*, No. 94 Civ. 7699, 1997 WL 45351, *1–*2 (S.D.N.Y. Feb. 5, 1997); *Butts v. Astrue*, 565 F. Supp. 2d 403, 406 (N.D.N.Y. 2008) (citing 28 U.S.C. § 2412(d)(1)(B)). Once the plaintiff alleges that the government's position was not substantially justified, the burden shifts to the government to establish that its opposition was substantially justified. *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999). In order to determine whether the government was "substantially justified, courts are to apply a standard of reasonableness." *Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The legislative history of the EAJA indicates that the substantial justification standard "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case." *Cohen*, 837 F.2d at 585 (citations and internal quotation marks omitted). However, the government has the burden to present a "strong showing" to prove substantial justification. *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983); *see also Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987) (holding that the government must show that its action was justified in law and fact). The government cannot prevail by arguing that it was substantially justified in some of the positions it took if it was not substantially justified on the issue that caused the court to find in the plaintiff's favor. *See Maxey v. Chater*, No. 93-CV-606, 1996 WL 492906, *3 (N.D.N.Y. Aug. 28, 1996) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 n.5 (11th Cir. 1990)).

In the present matter, Plaintiff contends that Defendant's position was not substantially justified. Since the motion is unopposed by Defendant, a lack of substantial justification is "impliedly admitted." *Livingston v. Sec. of Health and Human Servs.*, No. Civ-87-622E, 1989

3

WL 122085, *1 (W.D.N.Y. Oct. 13, 1989). Having reviewed the record in this matter, the Court finds that the Government's position was not substantially justified and that Plaintiff is entitled to an award of attorney's fees and costs.

Plaintiff requests an award in the amount of eight thousand three hundred eighteen dollars and forty-nine cents ($8,318.49) in attorney's fees for forty-four point two (44.2) hours of attorney work, three hundred and sixty dollars ($360.00) for four and a half (4.5) hours of administrative work, and thirteen dollars and two cents ($13.02) for service of the summons and complaint, for a total of eight thousand six hundred ninety one dollars and fifty-one cents ($8,691.51). *See* Dkt. No. 18-1 at 11–12. When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *See Crudele v. Chanter*, No. 92 CIV. 7912, 1997 WL 198076, *5 (S.D.N.Y. Apr. 23, 1997) (citing *Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986)). The specific facts of each case guide the court in determining what fee is appropriate. *See Ferguson v. Apfel*, No. Civ.A. CV-98-3728, 2000 WL 709018, *2 (E.D.N.Y. Apr. 17, 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). District courts in the Second Circuit generally hold that an attorney should spend twenty to forty hours on routine social security cases. *See Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater*, No. 95 CIV. 8847, 1997 WL 12806, *2 (S.D.N.Y. Jan. 14, 1997); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (citations omitted).

In the present matter, Defendant has not opposed the motion and, therefore, does not specifically object to the reasonableness of the approximately forty-four hours allegedly expended by Plaintiff's counsel. The time spent by counsel is at the top of the generally acceptable range, but Plaintiff has provided a breakdown of each task performed by counsel and the amount of time

4

spent on said task. *See* Dkt. No. 18-1 at 11–12. The Court finds that, with the explanation of legal tasks and in light of the issues presented in this case, this was a reasonable amount of time for counsel to spend on this case. As Defendant has not taken issue with the amount of time or hourly rate, the Court will not engage in an analysis of the time spent or the billing rate.[1] *See Martinez v. Astrue*, No. 08-CV-0117, 2010 WL 890953, *4 (N.D.N.Y. Mar. 9, 2010) (citations omitted).[2]

Based on the foregoing, the Court awards Plaintiff the following amounts: $8,318.49 in attorney's fees; $360.00 in administrative fees; and $13.02 in costs.

**B.     To Whom the Award Is Paid**

Plaintiff's motion asks for the attorney's fees to be paid directly to her attorney, and the service and summons cost to be paid to Plaintiff. *See* Dkt. No. 18 at 1. The record does not include an affidavit from Plaintiff or an Assignment of Attorneys' Fees.

In *Astrue v. Ratliff*, the Supreme Court noted:

> [t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite – it "awards" the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts.

---

[1] Plaintiff requested an hourly rate of $185.04, $187.87, and $195.85 for the years 2011, 2012, and 2013, respectively, and an hourly rate of $80.00 for administrative services.

[2] The Court notes that the requested hourly rates are comparable to those awarded in similar situations in this District. *See Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, *2 (N.D.N.Y. Dec. 10, 2008) (finding that "Courts in this district have held 'that the reasonable hourly rates in this District, *i.e.*, what a reasonable, paying client would be willing to pay, were $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals'") (citing cases).

5

*Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2526–27 (2010).

Consistent with the conclusion of other courts in the Second Circuit, this Court has found that "*Ratliff* states explicitly that the name on the check must be plaintiff's and not her attorney's." *Manning v. Astrue*, No. 5:09-CV-88, 2011 WL 6842617, *2–3 (N.D.N.Y. Dec. 29, 2011). However, as long as Plaintiff "appears as the payee on the check, . . . there is no reason why [D]efendant cannot mail that check to [P]laintiff's counsel." *Scott v. Astrue*, No. 08-CV-910A, 2011 WL 32544, *3 (W.D.N.Y. Jan. 5, 2011). As such, the Court will order that the check be sent to Plaintiff's counsel, but that Plaintiff be designated as the payee on the check.

### III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for an award of attorney's fees and costs under the EAJA in the amount of $8,691.51 is **GRANTED**; and the Court further

**ORDERS** that Defendant shall make the check for attorney's fees and costs payable to Plaintiff and shall mail any post-offset payment to Plaintiff's attorney; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment to reflect this award of attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: December 11, 2013
Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge